UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LADONNA PALMER,              )
                             )
            PLAINTIFF,       )
                             )
vs.                          )       CASE NO. 09-CV-382-FHM
                             )
MICHAEL J. ASTRUE,           )
Commissioner of the          )
Social Security Administration, )
                             )
            DEFENDANT.        )

## OPINION AND ORDER

Plaintiff, LaDonna Palmer, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).   Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003).   The Court may neither

---

[1]   Plaintiff's (protectively filed) March 22, 2007 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) was held September 11, 2008.  By decision dated February 26, 2009, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied review of the findings of the ALJ on May 7, 2009.  The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 46 years old at the time of the hearing. [R. 25].  She claims to have been unable to work since March 22, 2007, due to back, hip and knee pain, right arm pain and weakness, anxiety attacks, migraine headaches and asthma. [R. 27-35].  The ALJ determined that Plaintiff has a severe impairment of disc bulge and stenosis at L4-5. [R. 16].  He found that Plaintiff retains the residual functional capacity (RFC) to perform the full range of light work. [R. 17].  Based upon the testimony of a Vocational Expert (VE), the ALJ determined that Plaintiff could perform her past relevant work. [R. 19].  He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 19-20]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff challenges only the ALJ's findings related to asthma; asserting that the ALJ erred: 1) in finding that her asthma is not a severe impairment; 2) in his determination of her RFC; and 3) in considering the combination of her impairments. [Dkt. 17].  Therefore, the Court addresses only the portion of the medical record that relates to Plaintiff's asthma, though the entire record has been reviewed.

## Medical History

Plaintiff has a long-standing history of asthma.[2]  Since at least 1997, Plaintiff has been seen regularly at Pawnee Indian Health Center for general health management, including persistent asthma and was prescribed oral medication to be taken daily for prevention of asthma attacks as well as inhalers or nebulizers.[3]  The record shows that Plaintiff was treated twice during the ten-year period between 1997 and 2007 for breathing difficulties associated with sinusitis and bronchitis. [R. 237 (7/24/03); R. 200 (2/6/07)]. There is no indication that Plaintiff suffered asthma flare-ups or exacerbation of symptoms prior to March 22, 2007, the date she claims she became disabled.  Nor is there any evidence that Plaintiff's asthma was causing problems when she was seen in April, May and June 2007 for arm and hip pain. [R. 424-432].  Treatment notes on July 3, 2007, reveal Plaintiff's lungs were clear to auscultation.[4] [R. 422].  When Plaintiff was treated for sinusitis on August 17, 2007, bilateral rhonchi and lung wheezes were observed. [R. 419].  On September 25, 2007, Plaintiff complained of productive cough and shortness of breath and she was diagnosed with exacerbation of COPD. [R. 400-401].   A September 26, 2007, x-ray report indicated inspiration was not optimal but there were

---

[2]  Asthma is an inflammatory disorder of the airways, which causes attacks of wheezing, shortness of breath, chest tightness and coughing. *See* medical information online at: http://www.nlm.nih.gov/medlineplus/ency/article/000141.htm (Update Date: 5/21/2009).

[3]  Nebulizers are used to treat asthma, Chronic Obstructive Pulmonary Disease (COPD) and other conditions where inhaled medicines are indicated.  Nebulizers deliver a stream of medicated air to the lungs over a period of time. See medical information online at: http://www.nlm.nih.gov/medlineplus/ency/presentations/100201_1.htm (Update Date: 5/21/2009).

[4]  Auscultation is the method of listening to the sounds of the body during a physical examination usually done with a stethoscope. *See* medical definitions online at: http://www.nlm.nih.gov/medlineplus/ency/article/002226.htm (Update Date: 5/21/2009).

no definite infiltrates or pleural effusions.[5]  [R. 397].  On October 2, 2007, Plaintiff's medications were refilled. [R. 418].  Plaintiff reported on October 15, 2007, that she had been ill a month before, that nebulizers were used to get to the emergency room and she got better, but that she was now coughing and was short of breath. [R. 416].  She was noted to be improved but still had bilateral rhonchi with rales and wheezing. *Id.* In December 2007, Plaintiff was treated for low back pain and nasal staph colonization. [R. 413-415].  Plaintiff reported a "terrible cold" on January 25, 2008. [R. 411].  She complained of aching all over, sinus pain and congestion and sore throat. *Id.*  She exhibited bilateral wheeze and scattered rhonchi and she was diagnosed with asthma, sinusitis and headache. *Id.*

On February 12, 2008, Plaintiff's chief complaint was asthma exacerbation. [R. 409-410].  Though Plaintiff reported she felt better she advised she slept sitting up, couldn't breathe, that she used the Albutrol nebulizer almost daily. *Id.*  On April 2, 2008, continued wheeze was observed throughout inspiration and expiration and bronchitis and asthma were diagnosed along with back pain and radiculapathy. [R. 406-407]. On July 11, 2008, Plaintiff reported she had been seen in the emergency room the previous week and that she had two asthma attacks that week. [R. 404].  Objective findings included bilateral soft wheezing without rhonchi. *Id.*  Because she had complained of chest pain, Plaintiff was referred for chest x-rays which were reported to be normal. [R. 378].  Her chest wall pain was attributed to asthma exacerbation. [R. 404].

---

[5]  Pleura is a large, thin sheet of tissue that wraps around the outside of the lungs and lines the inside of the chest cavity. The body produces pleural fluid in small amounts to lubricate the surfaces of the pleura.  A pleural effusion is an abnormal, excessive collection of this fluid. *See* medical definitions online at: http://www.nlm.nih.gov/medlineplus/ency/article/000086.htm (Update Date 8/29/2008).

## The ALJ's Decision

The ALJ's written decision was issued on February 26, 2009.  He addressed

Plaintiff's claim that her asthma was a severe impairment which impacted her ability to

perform work activities as follows:

> The claimant has a history of asthma (Exhibit 1F, pages 107, 143). There is very little treatment for asthma between 1997 and 2004 (Exhibit 1F, page 33).  Treatment records after 2004 indicate the claimant received no treatment for asthma other than medication refills (Exhibits 1F and 13F).  On June 30, 2007, the claimant stated that her asthma was controlled on medication (Exhibit 3F, p. 1). Chest x-ray on September 26, 2007, was normal (Exhibit 12F, page 20). On January 25, 2008, her oxygen saturation was 97 percent on room air (Exhibit 13F, p. 9). Chest x-ray on June 14, 2008, was again normal (Exhibit 12F, page 1). Based on the totality of the evidence, the [ALJ] finds that the claimant's asthma is mild and treatable, and would have only a minimal affect on her ability to perform substantial gainful activity.

[Dkt. 15-3, pp. 17-18].  The ALJ summarized the medical evidence regarding Plaintiff's

back and arm pain and Plaintiff's testimony at the hearing and assessed an RFC for the

full range of light work. [R. 17-20].  He adopted the VE's response to a hypothetical

based upon the RFC form filled out by an agency medical consultant [R. 346-353][6] and

found Plaintiff was able to return to her past work as a waitress, cashier and bartender.

[R. 19].

---

[6]  The ALJ offered the VE "Exhibit 4F" which is identified in the Administrative Record index as "Physical RFC Assessment, dated 07/05/2007, from DDS OKL CY OK."  Exertional limitations on the form are: occasionally lift and /or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours in a 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and unlimited push and/or pull (including operation of hand and/or foot controls). [R. 347].

**Discussion**

Plaintiff asserts the ALJ's failure to identify asthma as one of her severe impairments at step two is reversible error.  This argument is easily disposed of because the ALJ made an explicit finding that Plaintiff suffers from a severe impairment. [Dkt. 15-3, p. 17].  Once an ALJ has found that a claimant has at least one severe impairment, a failure to designate another disorder as "severe" at step two does not constitute reversible error. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). (failure to find additional alleged impairments also severe is not in itself cause for reversal).

As in *Oldham*, Plaintiff's true complaint is with the ALJ's findings at subsequent steps in the evaluative sequence.  She contends the ALJ failed to properly consider any limitations or environmental restrictions imposed by asthma in evaluating Plaintiff's RFC. *See* Soc.Sec.Rul. 96-8p, 1996 WL 374174 *5 (July 2, 1996) (ALJ may not dismiss any of the claimant's impairments as non-severe and disregard them thereafter). Plaintiff further claims the ALJ failed to consider her asthma in combination with her other impairments and that his failure to do so is cause for reversal. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (An ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination.).

The ALJ's evaluation is not inadequate for the reasons Plaintiff advances. Plaintiff cites to medical records from 2007 and 2008 as evidence that "asthma was repeatedly listed as the purpose of her visit to the doctor." [Dkt. 17, pp. 5-6].  Eight of those visits list asthma among other diagnoses, including back pain, joint aches, headaches, and ocular problems. [R. 406, 415, 418, 421, 422, 433, 434, 436, 439].

The records include two instances of "asthma exacerbation" [R. 404 (7/11/08); R. 409 (2/12/08)] in addition to diagnoses of sinusitis, bronchitis after a "terrible cold" during the relevant time period. [R. 406, 411, 416]. While this medical evidence could be viewed as evidence that asthma caused severe symptoms when exacerbated, it does not establish that asthma caused significant functional limitations that impacted Plaintiff's RFC and ability to perform her past work activities. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (claimant must show more than the mere presence of a condition or ailment).

The ALJ found Plaintiff's asthma was controlled with medication and the record contains sufficient support for this conclusion given Plaintiff's treatment history. The Court notes that the ALJ's citation to the medical record during his step two analysis, i.e., one notation of Plaintiff's oxygen saturation level [R. 411] and the results of the chest x-ray that was ordered by Plaintiff's physician because of chest pain [R. 378, 404] appears to be a speculative inference from the medical reports. [R. 17]. Nonetheless, Plaintiff points to no medical evidence that any doctor imposed restrictions upon her abilities to perform work functions because of asthma and the record does not provide support for such an allegation. Plaintiff's assertion that her asthma is so bad she cannot stand up or go outside [R. 33-34] finds no support in the medical record. No doctor has stated that Plaintiff's ability to perform work activities was affected by her need to avoid certain environmental conditions or that she could not stand up or go outside because of asthma. Standing alone, Plaintiff's subjective complaints cannot establish disability. *See Wall v.* Astrue, 561 F.3d 1048, (10th Cir. 2009) (claimant has the burden to make sure there is sufficient evidence in the record to establish impairment); *see*

7

*also Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992) (claimant's testimony alone cannot establish the existence of disabling pain).    Plaintiff has not identified what environmental restrictions apply in her past jobs as waitress, cashier and bartender, nor has she established that she could not perform her past jobs because of asthma symptoms.

To the extent that Plaintiff contends the ALJ failed to consider the combined effect of all her impairments, the Court finds no reason to doubt the ALJ's pronouncement in his decision that he had considered the combination of impairments. [R. 17].  Plaintiff has not established the existence of any specific limitations caused by asthma that should have been included in the RFC.   Under the circumstances of this case, the Court is not persuaded that the ALJ's determination should be set aside on such grounds.

### Conclusion

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

In this case, the ALJ provided an adequate discussion of the medical record and the testimony in support of his RFC finding and the record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is

AFFIRMED.

SO ORDERED this 22nd day of September, 2010.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE